IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| REGIONS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-3273 |
| ) | |
| MMIL ENTERTAINMENT, LLC, ) | |
| COUNTY TREASURER OF LOGAN ) | |
| COUNTY, ILLINOIS, UNKNOWN ) | |
| OWNERS, and NON-RECORD ) | |
| CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

# OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Regions Bank's Motion for Summary Judgment (d/e 10) and  Plaintiff's and the County Treasurer of Logan County, Illinois' Joint Consent to Judgment of Foreclosure (d/e 11).  Because the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity, this cause is dismissed without prejudice for lack of jurisdiction.

# I. BACKGROUND

In October 2018, Plaintiff filed a Verified Complaint for Foreclosure (d/e 1) naming as Defendants MMIL Entertainment, LLC (MMIL), the record title holder of the properties in question, as well as other defendants who may have an interest in the property, including the County Treasurer of Logan County, Illinois (County) and Unknown Owners and Non-Record Claimants. Plaintiff invoked federal jurisdiction under 28 U.S.C. § 1332 predicated on the assertions that the amount in controversy exceeded $75,000 and that the parties were diverse.

Specifically, Plaintiff alleged that Plaintiff is an Alabama state banking corporation with its principal place of business in Alabama. Plaintiff alleged that MMIL is an Illinois limited liability company whose members are citizens of the State of Illinois. See Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Plaintiff's counsel also filed, at the Court's request, an Affidavit identifying the members of MMIL. Plaintiff's counsel states that the MMIL Operating Agreement indicates the members of MMIL are David G.

Lanterman and John L. Rooney, both of whom are residents of Illinois. However, "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). Therefore, if the Court were not dismissing for lack of jurisdiction due to the inclusion of Unknown Owners and Non-Record Claimants, the Court would require further information on the citizenship of MMIL.

Plaintiff filed an Affidavit of Service by Publication as to Unknown Owners and Non-Record Claimants (d/e 7) pursuant to Illinois law. See 735 ILCS 5/2-206 (providing for service by publication); 735 ILCS 5/15-1502(c)(2) (requiring, for termination of the rights of non-record claimants, an affidavit and notice to non-record claimants); see also 735 ILCS 5/2-413 (providing for service of unknown parties by affidavit and publication). Plaintiff thereafter served the Unknown Owners and Non-Record Claimants by publication (d/e 9). The other defendants have also been served. See d/e 4 (waiver of service executed by MMIL); d/e 5 (affidavit of service on the County).

On April 19, 2019, Plaintiff filed a Motion for Summary Judgment (d/e 10). On May 10, 2019, Plaintiff and the County filed a Joint Consent to Judgment of Foreclosure (d/e 11). MMIL has not filed an answer to the Complaint or responded to the Motion for Summary Judgment. Plaintiff has not sought a default judgment against MMIL.

On May 14, 2019, this Court directed Plaintiff to address whether the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity. Plaintiff filed a Memorandum (d/e 13) asserting that Unknown Owners and Non-Record Claimants are nominal parties whose inclusion does not destroy diversity. In the alternative, Plaintiff asks that the Court dismiss the Unknown Owners and Non-Record Claimants if the Court finds that they are not nominal parties.

## II. ANALYSIS

This Court has an obligation to raise sua sponte whether the Court has subject matter jurisdiction. See Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Courts have original jurisdiction of civil actions if there is complete diversity between

the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

Diversity jurisdiction cannot be established without knowing the citizenship of every defendant. For this reason, "John Doe" defendants are generally not permitted in diversity suits. Pain Ctr. of SE Indiana LLC v. Origin Healthcare Solutions LLC, 893 F.3d 454, 458 (7th Cir. 2018) ("Because the prerequisites for diversity jurisdiction must be proved and not presumed, John Doe defendants are ordinarily forbidden in federal diversity suits."). An exception exists when "John Does are nominal parties—nothing more than placeholders" in the event that discovery identifies additional defendants the plaintiff wishes to sue. Id. In such cases, the court can ignore John Does for purposes of diversity jurisdiction. Id.

Plaintiff cites John Hancock Realty Dev. Corp. v. Harte, 568 F. Supp. 515 (N.D. Ill. 1983) in support of the assertion that the Unknown Owners and Non-Record Claimants are nominal parties who can be ignored for purposes of diversity jurisdiction. In Harte, the district court held that the existence of any unknown owners or non-record claimants in a mortgage foreclosure action was

merely speculative and that any interest such persons might have "cannot be held to be real and substantial until such individual is known to exist and comes forward to make a claim." Id. at 516. The Harte court concluded that the unknown owners and non-record claimants were "nominal parties with no substantial interest in the controversy." Id.

The Harte decision, however, is the minority view of the district courts in the Seventh Circuit that have considered the issue. The majority of district courts in the Seventh Circuit who have addressed the issue conclude that unknown owners and non-record claimants are not nominal parties. See First Bank v. Tamarack Woods, LLC, No. 13-cv-00058, 2013 WL 5436373, at *2 (S.D. Ill. Sept. 30, 2013) (where the plaintiff sought to terminate the interests of the unknown owners and non-record claimants in the mortgaged real estate); Home Sav. of Am. F.A. v. Am. Nat'l Bank & Trust Co. of Chicago, 762 F. Supp 240, 242 (N.D. Ill. 1991) (where the plaintiff sought a binding adjudication against the unknown owners and non-record claimants in foreclosure action); John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chicago, 555 F. Supp. 1026 (N.D. Ill. 1983).

For example, in Home Savings of America, the court reasoned that Illinois law permits the joinder of unknown owners and non-record claimants and, where such parties are joined, the court has the power to make a binding decision as to their rights. In such instances, unknown owners and non-record claimants are not nominal parties. Home Sav. of Am., 762 F. Supp at 242; see also Tamarack Woods, 2013 WL 5436373, at *2. The Home Savings of America court also noted that the existence of unknown owners and non-record claimants is not speculative, pointing in particular to the right of some claimants, such as the judgment creditor of a mortgagor, to redeem the property after a foreclosure sale. Home Sav. of Am., 762 F. Supp. at 243; 735 ILCS 5/12-132 (providing a judgment creditor of a mortgagor the right to redeem the mortgaged property after the expiration of three months and within six months after the sale); see also Gen. Elec. Credit Corp. v. Am. Nat'l Bank & Trust Co. of Chicago, 562 F. Supp. 456, 457 n.2 (N.D. Ill. 1983) (noting the interest of a judgment creditor of a mortgagor). Considering such claimants "nominal" ignores the interests they may have in the mortgaged property. Home Sav. of Am., 762 F. Supp. at 243.

Here, the Unknown Owners and Non-Record Claimants are not merely nominal parties.  Plaintiff seeks a binding decision as to the rights of Unknown Owners and Non-Record Claimants.  Home Sav. Of Am., 762 F. Supp. at 242 ("Because the court has the power to make a binding decision as to their rights, unknown owners and nonrecord claimants must be considered more than nominal parties."); Bancboston Mortgage Corp. v. Pieroni, 765 F. Supp. 429, 431 (N.D. Ill. 1991) (noting that unknown owners and non-record claimants are more than nominal parties when they are either named as parties or the plaintiff seeks to bind them by publication).  Therefore, this Court finds that the inclusion of Unknown Owners and Non-Record Claimants, whose citizenship is unknown, destroys complete diversity.

In its Memorandum, Plaintiff asks that the Court dismiss the non-diverse defendants if the Court finds the inclusion of Unknown Owners and Non-Record Claimants destroys diversity.  Plaintiff cites no authority for the Court to do so and provides no analysis.

Generally, subject matter jurisdiction is determined as of the time of the filing of the complaint.  See Cook v. Winfrey, 141 F.3d

322, 326 (7th Cir. 1989). However, a district court may drop a dispensable nondiverse party at any time. See <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832 (1989) (citing Federal Rule of Civil Procedure 21).

As currently pleaded, the Unknown Owners and Non-Record Claimants are not dispensable because Plaintiff has sought to terminate their interests in the property. <u>Tamarack Woods</u>, 2013 WL 5436373, at * 2 (dismissing the case rather than dismissing the nondiverse unknown parties because the plaintiff sought to terminate the unknown parties' interests in the mortgaged property). Moreover, even if the Court dismisses Unknown Owners and Non-Record Claimants, the fact remains that Plaintiff filed the affidavit required by Illinois law and proceeded to serve Unknown Owners and Non-Record Claimants by publication, which will cause them to be bound to any judgment of foreclosure. Under Illinois law, the interest of a non-record claimant who is given notice as provided by 735 ILCS 5/15-1502 "shall be barred and terminated by any judgment of foreclosure to the same extent as if such claimant had been a party." 735 ILCS 5/1502(b). A mortgagee cannot avoid the requirements of diversity jurisdiction

by not naming unknown owners and non-record claimants as defendants while also seeking to bind them by filing the affidavit required by Illinois law and serving them by publication. Bancboston Mortgage Corp., 765 F. Supp. at 431.

### III. CONCLUSION

For the reasons stated, the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity in this case. Therefore, this cause is DISMISSED without prejudice for lack of jurisdiction. This case is CLOSED.

**ENTERED: June 3, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**